Harmel OUELLETTE and Lila Ouellette, Clifton Browne and Edla Browne, Aldee Plouffe and Shirley Plouffe, individually, on behalf of themselves, and on behalf of all similarly situated plaintiffs, H. Vaughn Griffin, Sr., Ardath Griffin, Alan Thorndike and Ellen Thorndike, Wesley C. Larrabee and Virginia Larrabee, F. Alfred Patterson, Jr., and Lois T. Patterson, Plaintiffs-Appellees,

v.

INTERNATIONAL PAPER COMPANY, Defendant-Appellant.

No. 201, Docket 85-7506.

United States Court of Appeals, Second Circuit.

Argued Oct. 17, 1985.

Decided Nov. 4, 1985.

Susan F. Eaton, Middlebury, Vt. (Peter F. Langrock, Emily J. Joselson, Langrock Sperry Parker & Wool, Middlebury, Vt., Smith, Harlow & Liccardi, Rutland, Vt., Jeffrey L. Amestoy, Atty. Gen. of the State of Vt., Montpelier, Vt., of counsel), for plaintiffs-appellees.

James W.B. Benkard, New York City (Jamie Stern, John R. D'Angelo, Davis Polk & Wardwell, New York City, Dinse, Erdmann & Clapp, Burlington, Vt., of counsel), for defendant-appellant.

Before KAUFMAN, PRATT, and MINER, Circuit Judges.

PER CURIAM:

By order dated February 5, 1985, the district court, Albert W. Coffrin, *Chief Judge*, denied defendant's motion pursuant to Fed.R.Civ.P. 12(c) and 56(b) to dismiss plaintiffs' cause of action concerning water pollution. *Ouellette v. International Paper Co.*, 602 F.Supp. 264 (D.Vt.1985). The district court held (i) that the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* authorizes this action involving interstate water pollution claims by owners of property in Vermont against an effluent

producer located in New York to be maintained in the courts and under the common law of the State of Vermont, where the alleged injuries occurred; (ii) that neither the Two-Party Agreement nor the Four-Party Agreement entered into by the State of Vermont in settlement of *Vermont v. New York*, 419 U.S. 955, 95 S.Ct. 246, 42 L.Ed.2d 260 (1974), bars this suit; and (iii) that plaintiffs have alleged sufficient special damages to state a claim for nuisance.

We affirm the order appealed from, essentially for the reasons set forth in Chief Judge Coffrin's thorough opinion, which we adopt in all respects except one. Chief Judge Coffrin distinguished *Badgley v. City of New York*, 606 F.2d 358 (2d Cir. 1979), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2989, 64 L.Ed.2d 855 (1980), finding that the settlement contract at bar differed "in two important ways" from the settlement decree and compact there. *Ouellette*, 602 F.Supp. at 273–74. We view his second distinguishing reason, grounded in the scope, terms, and language of the respective agreements, and, particularly, the differences in their "saving clauses", to be sufficient to remove this case from the *Badgley* principle. We express no view on what weight, if any, should be given to the first distinguishing reason mentioned by Chief Judge Coffrin: that unlike the settlement order and compact in *Badgley*, the contractual resolution of the prior dispute here received neither congressional nor judicial approval.

Affirmed.